VENABLE LLP
Thomas E. Wallerstein (SBN 232086)
twallerstein@venable.com
Amit Rana (SBN 291912)
arana@venable.com
Antonia I. Stabile (SBN 329559)
aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:  415.653.3750
Facsimile:   415.653.3755

Attorneys for Defendants
Julian Michalowski, Malante Hayworth,
Joshua Ginsberg, Steven Loeb
and Jason Loeb

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LMAJ, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>JULIAN MICHALOWSKI, an individual; COASTAL HOLDING COMPANY, LLC, a California limited liability company: MALANTE HAYWORTH, an individual; JOSHUA GINSBERG, an individual; STEVEN LOEB, an individual; JASON LOEB, an individual; and, DOES 1, through 100,<br><br>            Defendants. | Case No. 8:21-cv-01603<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Santa Barbara Superior Court Case No. 21cv03773]<br><br>Action Filed: September 22, 2021<br><br>Removal: September 29, 2021 |

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendants JULIAN MICHALOWSKI, MALANTE HAYWORTH, JOSHUA GINSBERG, STEVEN LOEB, and JASON LOEB (the "Individual Defendants") hereby remove to this United States District Court for the Central District of California the above-captioned case pending in the Superior Court of the State of California, for the County of Santa Barbara, as Case No. 21cv03773 ("Santa Barbara State Court Action"), on the grounds that diversity jurisdiction exists.  Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds of removal, and attached hereto as Exhibit 1 are copies of all process, pleadings, and orders served to date in this case.

## I. PROCEDURAL HISTORY

1. On September 15, 2021, Plaintiff LMAJ, LLC ("LMAJ") filed an action captioned *LMAJ, LLC v. Julian Michalowski, et al.*, Case No. 30-2021-01221102-CU-MC-CJC, in the Superior Court of the State of California for the County of Orange ("Orange County State Court Action").

2. On September 19, 2021, the Orange County State Court Action was removed to this Court and currently is pending as case No. 8:21-cv-01533-JLS-ADS before the Honorable Josephine L. Staton (the "Pending Removed Action").

3. On September 20, 2021, the Individual Defendants filed a Notice to State Court and Adverse Party of Removal in the Orange County State Court Action.

4. Later on September 20, 2021, LMAJ voluntarily dismissed the Orange County State Court Action notwithstanding that it had already been removed to this Court.

5. On September 22, 2021, LMAJ filed this action, captioned *LMAJ, LLC v. Julian Michalowski, et al.*, Case No. 21cv03773, in the Superior Court of the State of California for the County of Santa Barbara ("Santa Barbara State Court Action").  Copies of Plaintiff's Summons, Complaint and Civil Case Cover Sheet

filed in the Santa Barbara State Court Action are attached hereto as Exhibit 1.

6. The Santa Barbara State Court Action is virtually identical to the Orange County State Court Action except for the addition of a sham claim against non-diverse defendant Coastal Holding Company, LLC. ("Coastal").

7. No defendant has been served with the Complaint. Defendants received an e-mail copy of the Complaint on September 22, 2021. Wallerstein Decl., ¶ 2.

8. The Complaint asserts two claims of breach of fiduciary duty against the Individual Defendants, and one claim of breach of contract against Coastal. *See* Ex. 1, ¶¶ 35-54.

9. The Complaint seeks injunctive relief enjoining the Individual Defendants from "completing the bridge loan financing and sale transactions" of Coastal and "exercising any warrants issued to Defendants" based upon a promissory note dated August 30, 2021. *See* Ex. 1, Prayer for Relief. The Complaint also seeks compensatory damages against Coastal. *Id*.

10. No Defendant has filed an Answer or other responsive pleading to the Complaint, and the parties have not issued or commenced discovery.

## II. GROUNDS FOR REMOVAL

11. Plaintiff's claims are removable because, leaving aside Coastal, who is fraudulently joined, there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, such that this Court has subject matter jurisdiction over the dispute. *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.

### A. Citizenship of Parties

12. According to the Complaint, "Plaintiff LMAJ, LLC is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in Newport Beach, California." Ex. 1, ¶ 5. A "limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v.*

*Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Similarly, a "trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899.

13. Plaintiff LMAJ, LLC's owners/members are: (1) Andrew Modlin; (2) Adam N. Bierman and Laura N. Bierman, as Co-Trustees of The Bierman Trust; and (3) Adam N. Bierman and Laura N. Bierman, as Co-Trustees of The Bierman 2018 Irrevocable Trust. Declaration of Julian Michalowski ("Michalowski Decl."), ¶ 4. Thus, Plaintiff LMAJ, LLC's citizenship is determined by the citizenship of Andrew Modlin, Adam N. Bierman, and Laura N. Bierman.

14. Andrew Modlin is an individual domiciled in California. *Id.* ¶ 5. Adam N. Bierman is an individual domiciled in California. *Id.* Laura N. Bierman is an individual domiciled in California. *Id.* Thus, for purposes of diversity jurisdiction, Plaintiff LMAJ, LLC is a citizen of California.

15. Defendant Julian Michalowski is domiciled in Nevada. Michalowski Decl. ¶ 6. The Complaint's allegations regarding Mr. Michalowski's residence are irrelevant. *See* Ex. 1, ¶ 6. A party's residence is not the same as where he or she is domiciled for purposes of citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Mr. Michalowski is domiciled in Nevada because that is his permanent residence, where he intends to remain and return to after traveling, considers Nevada his home, has a Nevada driver's license, has a Nevada car registration, and intends to pay 2021 taxes in the state of Nevada. Michalowski Decl. ¶ 6. Thus, Defendant Michalowski is a citizen of Nevada for purposes of diversity jurisdiction. *See Kanter*, 265 F.3d at 857 ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

16. Defendant Malante Hayworth is domiciled in Nevada. Ex. 1, ¶ 8; Michalowski Decl. ¶ 7.

17. Defendant Joshua Ginsberg is domiciled in Puerto Rico. Ex. 1, ¶ 9; Michalowski Decl. ¶ 7.

18. Defendant Steven Loeb is domiciled in Hong Kong. Ex. 1, ¶ 10; Michalowski Decl. ¶ 7.

19. Defendant Jason Loeb is domiciled in Massachusetts. Ex. 1, ¶ 11; Michalowski Decl. ¶ 7.

20. Thus, at the time the Complaint was filed and through the time of this filing, no Defendant (except for Coastal, which was fraudulently joined) is or has been a citizen of California and there is complete diversity of citizenship between Plaintiff and Defendants. *See* Ex. 1, ¶¶ 5-11; Michalowski Decl. ¶¶ 6-7.

### B. Fraudulent Joinder of Coastal

21. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

22. Here, it is obvious that Coastal was joined with sham claims in an attempt to destroy complete diversity and avoid adjudication by Judge Staton in the Central District.

23. First, it is obvious under California law that there is no basis for Plaintiff's sole cause of action against Coastal for breach of contract. Plaintiff's claim is premised on the factual allegation that "Coastal entered into the Operating Agreement with Plaintiff." Ex. 1, ¶ 49. That allegation is demonstrably false as evidenced by the Operating Agreement itself. The Operating Agreement "is made and entered into [date], by and among the *Members*. . ." Michalowski Decl., Ex. 1; *see also* Cal. Corp. Code § 17701.02(s) ("an "operating agreement" is an

"agreement . . . of *all members* of a limited liability company) (emphasis added). Coastal is not and logically cannot be a member of Coastal. Coastal also is not a signatory to the Operating Agreement. Michalowski Decl., Ex. 1. Accordingly, a breach of contract claim by Plaintiff against Coastal cannot lie. *Kelly v. Worth Holdings, LLC*, 2017 WL 4156186, at *8 (N.D. Cal. Sept. 18, 2017) ("[U]nder California law, a plaintiff may not maintain a breach of contract claim against a person who is not a party to the contract.").

24. Additionally, the circumstances surrounding Plaintiff's newly asserted claim against Coastal are probative of its fraudulent joinder. As discussed above, a virtually identical matter, except for the addition of the fraudulently joined non-diverse party, is pending before Judge Staton. Plaintiff's gambit to ignore the removed action, dismiss the Orange County State Court Action, and refile the Santa Barbara County State Court Action is contrary to the text and spirit of the rules and orders of this Court. *See* Dkt. 7 in the Pending Removed Action ("If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants. . . . If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the superior court if diversity of citizenship is destroyed by the addition of the newly substituted party."); *see also* C.D. Cal. L-R. 83-1.2 ("It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."). If Plaintiff believed they have legitimate claims against Coastal, they should follow the rules and procedures of this Court to add those claims to the Pending Removed Action.

25. Because Coastal has been fraudulently joined in this matter it should therefore be disregarded for diversity of citizenship purposes of this removal.

### C. Amount in Controversy

26. The amount in controversy exceeds $75,000. Because Plaintiff seeks

injunctive relief, "[t]he amount in controversy may include . . . the cost of complying with an injunction." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The value of the injunction for purposes of determining the amount in controversy is assessed from the "either viewpoint" rule – that is, the amount that either party can gain or lose from the issuance of the injunctive relief. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) ("the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."). Thus, when "the potential cost to the defendant of complying with the injunction exceeds [$75,000]," the amount in controversy is established. *Id.*

27.  Here, the cost to Defendants of complying with Plaintiff's proposed injunctive relief far exceeds $75,000. Michalowski Decl. ¶ 8.

28.  First, Plaintiff seeks to enjoin a bridge loan in the amount of $1 million. Ex. 1, Prayer for Relief. By definition, the amount in controversy is at least the value of the $1 million loan Plaintiff seeks to enjoin.

29.  Second, Defendants' cost of complying with the injunction as it relates to the bridge loan is the possible loss of the company through the failure to be able to pay creditors. The company urgently needs the bridge loan to pay some large debts which are maturing or overdue; the inability to pay these debts with the bridge loan would be devastating to the company. The cost of complying with the injunction includes the company's inability to continue to get products from its vendors needed to keep the business running. *Id.* ¶ 9.

30.  Further, over half of the bridge loan will be used to pay outstanding IRS debt. The cost of complying with the injunction against the bridge loan includes the further interest that will continue to accrue on the IRS debt. *Id.* ¶ 10.

31.  Further, it would be financially devastating should the closing on the transaction be enjoined. The cost of complying with an injunction against closing is that Defendants might never be able to sell the company to anyone else; that cost

is in the tens of millions of dollars. *Id.* ¶ 11.

32. Further, Plaintiff alleges that the amount in controversy is greater than $75,000 because the Complaint and TRO papers can be read as alleging that Plaintiff stands to lose more than $75,000 should the injunction not issue. Thus, the alleged gain to Plaintiff from obtaining the injunction also exceeds $75,000.

### III. THIS NOTICE IS TIMELY FILED

33. The Complaint was filed on September 22, 2021, and the Individual Defendants received a copy of the Complaint on September 22, 2021. Wallerstein Decl., ¶ 2. Thus, fewer than 30 days have passed since Defendants received the Complaint, and this notice is timely pursuant to 28 U.S.C. §1446(b)(2)(B).

### IV. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

34. This Notice of Removal is properly filed in the United States District Court for the Central District of California, because the Superior Court of the State of California for the County of Santa Barbara is located in this judicial district. *See* 28 U.S.C. § 1441(a).

35. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

36. All Defendants consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). Michalowski Decl., ¶ 12; Wallerstein Decl., ¶ 4.

37. No previous application has been made for the relief requested herein.

38. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders in this Action, which include the Complaint, Summons and Civil Case Cover Sheet, are attached as Exhibit 1.

39. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of Santa Barbara.

## V. **CONCLUSION**

For the foregoing reasons, the Individual Defendants hereby remove this action to this United States District Court for the Central District of California.

Dated: September 29, 2021

VENABLE LLP

By: /s/ Thomas E. Wallerstein
Thomas E. Wallerstein
Amit Rana
Antonia I. Stabile

Attorneys for Individual Defendants Julian Michalowski, Malante Hayworth, Joshua Ginsberg, Steven Loeb and Jason Loeb